JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**

16.CW.1991

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| FRANK LONG, individually and on behalf of all other similarly situated | SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY |

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
see attachment

Attorneys *(If Known)*

| **II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)* | | **III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff)* |
|---|---|---|

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excludes Veterans) | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
15 U.S.C. § 1681 et seq., and 18 Pa. Cons. Stat. Ann. § 9125
Brief description of cause:
Failure to provide clear and conspicuous FCRA disclosure, and improper denial of employment based on criminal conviction

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE   04/27/2016
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

APR 27 2016

**Attachment to Civil Cover Sheet**

**Plaintiff's Attorney Information**

**OUTTEN & GOLDEN LLP**
Adam T. Klein (*pro hac vice* motion forthcoming)
Ossai Miazad (*pro hac vice* motion forthcoming)
Lewis M. Steel (*pro hac vice* motion forthcoming)
Christopher M. McNerney (*pro hac vice* motion forthcoming)
Cheryl-Lyn Bentley (*pro hac vice* motion forthcoming)
3 Park Avenue, 29th Floor
New York, NY 10016
Tel.: (212) 245-1000

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
Jon Greenbaum (*pro hac vice* motion forthcoming)
Mateya Kelley (*pro hac vice* motion forthcoming)
1401 New York Ave., NW
Washington, DC  20005
Tel.: (202) 662-8600

**PHILADELPHIA LAWYERS FOR SOCIAL EQUITY**
Michael Lee (Pennsylvania Bar No. 307008)
Michael Hardiman (Pennsylvania Bar No. 27018)
1501 Cherry Street
Philadelphia, PA 19102
Tel.: (215) 995-1230

**PUBLIC INTEREST LAW CENTER**
Benjamin D. Geffen (Pennsylvania Bar. No. 310134)
1709 Benjamin Franklin Parkway, 2d Floor
Philadelphia, PA 19103
Tel.: (267) 546-1308

**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock (Pennsylvania Bar No. 92590)
Danielle Newsome (Pennsylvania Bar No. 320772)
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3679

PBT

# UNITED STATES DISTRICT COURT

**16   1991**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: *by Ossai Miazad Esq, Outten & Golden LLP, 3 Park Ave, 29th Fl, New York NY 10016*

Address of Defendant: *1234 Market Street, 5th Floor, Philadelphia PA 19107*

Place of Accident, Incident or Transaction: *Philadelphia, PA*
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☑

Does this case involve multidistrict litigation possibilities?     Yes☐   No☑

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, *Benjamin D. Geffen*, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: *4/27/2016* _____   *310134*
                    Attorney-at-Law                Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: *4/27/2016* _____   *310134*
                    Attorney-at-Law                Attorney I.D.#

CIV. 609 (5/2012)

APR 27 2016



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

Frank Long, individually and on behalf of all others similarly situated, Plaintiff

v.

Southeastern Pennsylvania Transportation Authority, Defendant

CIVIL ACTION

NO. 16   1991

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| 4/27/2016 | Ossai Miazad | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 212-245-1000 | 646-509-2060 | OM@outtengolden.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APR 27 2016

**OUTTEN & GOLDEN LLP**
Adam T. Klein*
Ossai Miazad*
Lewis M. Steel*
Christopher M. McNerney*
Cheryl-Lyn Bentley*
3 Park Avenue, 29th Floor
New York, NY 10016
(212) 245-1000

**PHILADELPHIA LAWYERS FOR SOCIAL
EQUITY**
Michael Lee
Pennsylvania Bar No. 307008
Michael Hardiman
Pennsylvania Bar No. 27018
1501 Cherry Street
Philadelphia, PA 19102
(215) 995-1230

**LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW**
Jon Greenbaum*
Mateya Kelley*
1401 New York Ave., NW
Washington, DC 20005
(202) 662-8600

**PUBLIC INTEREST LAW CENTER**
Benjamin D. Geffen
Pennsylvania Bar. No. 310134
1709 Benjamin Franklin Parkway, 2d Floor
Philadelphia, PA 19103
(267) 546-1308

**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock
Pennsylvania Bar No. 92590
Danielle Newsome
Pennsylvania Bar No. 320772
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
(215) 656-3679

*Pro hac vice motions forthcoming*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FRANK LONG, individually and on behalf of all others similarly situated, | |
| Plaintiff, | **COMPLAINT – CLASS ACTION** |
| v. | **DEMAND FOR JURY TRIAL** |
| SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, | |
| Defendant. | |

Plaintiff Frank Long, individually and on behalf of all others similarly situated, alleges,

upon personal knowledge as to himself and upon information and belief as to other matters, as

follows:

## INTRODUCTION

1.      Mr. Long brings this case on his own behalf and that of a proposed class of all others similarly situated against the Southeastern Pennsylvania Transportation Authority ("SEPTA" or "Defendant") for violation of his rights under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Pennsylvania's Criminal History Record Information Act ("CHRIA"), 18 Pa. Cons. Stat. Ann. § 9125.

2.      Mr. Long sought employment at SEPTA.  He was qualified for the job he sought and was subjected to SEPTA's criminal background check process.

3.      SEPTA routinely rejects job applicants based on information contained in background check reports ("consumer reports") that it obtains from background check companies called "consumer reporting agencies" or "CRAs," such as U.S. Security Care, Inc. ("Security Care").

4.      In screening applicants, SEPTA fails to comply with federal law governing the procurement and use of consumer reports for employment purposes.

5.      Specifically, before procuring consumer reports from Security Care and/or other CRAs, SEPTA fails to provide job applicants with a clear and conspicuous disclosure in writing, in a document that consists solely of the disclosure, that it may obtain a consumer report for employment purposes, in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

6.      SEPTA has willfully violated the above-mentioned provision of FCRA.

7.      In addition, SEPTA routinely violates CHRIA through its blanket policy and practice of disqualifying job applicants with unrelated felony convictions from employment in positions involving the operation of SEPTA vehicles. *See* 18 Pa. Cons. Stat. Ann. § 9125(b) ("Felony and misdemeanor convictions may be considered by the employer only to the extent to

2

which they relate to the applicant's suitability for employment in the position for which he has applied.").

8.      SEPTA has willfully violated the above-mentioned provision of CHRIA.

9.      On behalf of himself and others similarly situated, Mr. Long seeks injunctive and declaratory relief; statutory damages; exemplary and punitive damages; pre-judgment and post-judgment interest; and reasonable attorneys' fees, costs, and expenses associated with this action.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over Mr. Long's FCRA claim pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331 and jurisdiction over his CHRIA claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

11.     Mr. Long's CHRIA claim is so closely related to the FCRA claim that it forms part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because SEPTA resides in this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

13.     This Court has personal jurisdiction over this matter because SEPTA is located in this District, conducts substantial business activity in this District, and because many of the unlawful acts described herein occurred in this District and gave rise to the claims alleged.

## PARTIES

**Plaintiff**

14.     Mr. Long and the proposed Class Members he seeks to represent are "consumers" as defined by FCRA, 15 U.S.C. § 1681a(c).

15.     Mr. Long and the proposed Class Members he seeks to represent are employment applicants and persons aggrieved for the purposes of CHRIA.

16.     Mr. Long is a 56-year old resident of Philadelphia, Pennsylvania.  At the time of his application to SEPTA, Mr. Long was working as a bus driver for a Philadelphia-based school bus company.  Prior to that he worked in the warehouse division of a national healthcare company for over 12 years.

17.     Mr. Long has regularly volunteered his time to his community, working with neighborhood watch programs, community garden clean-ups, and youth and senior citizens programs through his church.

18.     In or about October 2014, Mr. Long applied for the position of Bus Operator with SEPTA.

19.     On or about October 17, 2014, Mr. Long interviewed for a Bus Operator position with SEPTA.

**Defendant**

20.     SEPTA operates the United States' sixth-largest public transportation system.  It services over 750,000 passengers on a weekday and employs approximately 9,000 employees.

21.     SEPTA is a public transit authority organized under the laws of the Commonwealth of Pennsylvania, and maintains its headquarters at 1234 Market Street, Philadelphia, Pennsylvania 19107.

22.     At all relevant times, SEPTA has been a "person" using "consumer reports" of Mr. Long and proposed Class Members for "employment purposes."

23.     At all relevant times, SEPTA has been an "employer" and a "person" and/or an "organization" for purposes of the CHRIA.

4

**STATEMENT OF FACTS**

**Plaintiff Long's Experience**

24.     In or about October 2014, Mr. Long applied to be a Bus Operator with SEPTA.

25.     On or about October 17, 2014, Mr. Long interviewed with a SEPTA recruiter for the Bus Operator position.

26.     At that interview, Mr. Long discussed the experiences that qualified him for the position, including his Commercial Driver's License and his job as a school bus driver at the time of the interview.

27.     The recruiter told Mr. Long that he thought Mr. Long would be a good driver, he interviewed well, and was qualified for the position.

28.     Consequently, on the same day of the interview, the recruiter extended an oral offer of employment to Mr. Long contingent on a background check.

29.     At SEPTA's behest, Mr. Long completed a SEPTA form disclosing that he has a criminal history and authorizing SEPTA to conduct a background check.  The SEPTA form was not only unclear and inconspicuous, but, in addition, it did not "consist solely of the disclosure" that a consumer report may be procured for employment purposes, and instead contained numerous statements and requests in clear violation of the requirements set out by FCRA as described more fully below.

30.     SEPTA did not provide Mr. Long with any other authorization form that complied with FCRA.

31.     In or about late October, 2014, the recruiter called Mr. Long revoking the offer of employment for the Bus Operator position based on Mr. Long's previous criminal history.  The

recruiter told Mr. Long that he could try applying for a Maintenance Custodian position with SEPTA.

32.     On his record, Mr. Long had 1997 drug convictions for possession and manufacture of a controlled substance originating from a 1994 arrest.

33.     Mr. Long's criminal history was not relevant to the Bus Operator position for which he applied for reasons including the nature of the crime, the age of the conviction and the years Mr. Long has been in the general population without any further convictions.

34.     Over four months later, in or about early March, 2015, Mr. Long received a letter from SEPTA's Human Resources Division Recruitment Manager, stating that "based on [its] hiring criteria," SEPTA had decided not to hire Mr. Long for the Bus Operator position. The correspondence indicated that this decision was made from the information SEPTA had received from Security Care's background check. The report enclosed with the letter indicated that Security Care completed the background check back in November 2014.

**Factual Allegations Common to All Class Members**

### *The FCRA Claim*

35.     Enacted in 1970, the FCRA's passage was driven in part by two related concerns: First, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

36.     Congress sought for consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

37.     Congress was particularly concerned about the use of background reports in the employment context, and therefore defined the term "consumer reports" to explicitly include background reports procured for employment purposes. *See* 15 U.S.C. § 1681a(d)(1)(B).

38.     Through the FCRA, Congress required employers disclose that a consumer report may be obtained for employment purposes before procuring the report. 15 U.S.C. § 1681b(b)(2)(A)(i).

39.     Specifically, the FCRA requires that employers "may not procure a consumer report or cause a consumer report to be procured, for employment purposes with respect to any consumer," unless:

    (i)    a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

    (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(B)(2)(A)(i) and (ii) (emphasis added). This requirement is frequently referred to as the "stand-alone disclosure requirement."

40.     The FCRA stand-alone disclosure requirement therefore imposes the duty on SEPTA to provide a "clear and conspicuous" disclosure to prospective employees that a consumer report about them will be procured.

41.     The FCRA stand-alone disclosure requirement puts consumers on notice that a report about them may be prepared. This knowledge enables consumers to exercise a variety of other substantive rights conferred by the statute, many of which work to ensure accuracy, confidentiality, and fairness. 15 U.S.C. § 1681c(a) (limiting temporal scope of information that can be reported); § 1681e(b) (mandating that consumer reporting agencies employ procedures to

ensure "maximum possible accuracy" in reports); § 1681k (requiring consumer reporting agencies that report public record information to employers to either provide notice to the consumer that information is being reported or have "strict procedures" to ensure that information is "complete and up to date"); § 1681i (requiring that consumer reporting agencies investigate any disputed information); § 1681g (requiring that consumer reporting agencies provide a complete copy of the consumer's file to the consumer).

42.     SEPTA routinely and systemically violates the FCRA stand-alone disclosure requirement by failing to provide "clear and conspicuous" disclosures in writing, in a document that consists solely of the disclosures, that a consumer report may be obtained.

43.     Instead, SEPTA uses extraneous language in its disclosure forms, including, but not limited to, language inquiring about the applicant's educational history, employment history, probation or parole status, and job suitability.

44.     SEPTA has acted willfully in violating the FCRA stand-alone disclosure requirement.  SEPTA knew or should have known its obligations under the FCRA.  These obligations are well-established by the plain language of the FCRA, in the promulgations and opinion letters of the Federal Trade Commission, and in longstanding case law.  Moreover, SEPTA's form letter denying employment to job applicants expressly references the FCRA, establishing its awareness of the FCRA's requirements.  Further, employers are required to certify to the consumer reporting agency that they will comply with FCRA's stand-alone disclosure and authorization requirements. *See* 15 U.S.C. § 1681b(b)(1).

45.     Despite SEPTA's awareness of its legal obligations, it has acted consciously, recklessly and willfully in breaching its known duties and depriving Mr. Long and other job applicants of their rights under the FCRA.

### *The CHRIA Claim*

46.     CHRIA provides that, "[f]elony and misdemeanor convictions may be considered by the employer only to the extent to which they relate to the applicant's suitability for employment in the position for which he has applied." 18 Pa. Cons. Stat. Ann. § 9125(b).

47.     CHRIA further states that, "[t]he employer shall notify in writing the applicant if the decision not to hire the applicant is based in whole or in part on criminal history record information." 18 Pa. Cons. Stat. Ann. § 9125(c).

48.     SEPTA routinely and systemically violates CHRIA by considering and denying employment to job applicants based on criminal conviction(s) that do not relate to the applicants' suitability for employment in the positions for which they have applied.

49.     Through its actions, SEPTA has acted willfully in violating the requirements of CHRIA.

## CLASS ACTION ALLEGATIONS

50.     Mr. Long brings this case as a proposed Class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and two classes of persons.

51.     Mr. Long asserts the First Cause of Action against SEPTA on behalf of the "FCRA Disclosure Class" defined as follows:

> **FCRA Disclosure Class:** All applicants for employment with SEPTA in the United States, within two years of the filing of this Complaint through the date of final judgment, about whom SEPTA procured a consumer report without providing a clear and conspicuous disclosure in writing, in a document that consisted solely of the disclosure, before procuring the consumer report, as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

52.     Mr. Long asserts the Second Cause of Action against SEPTA on behalf of the "CHRIA Job Denial Class" defined as follows:

9

**CHRIA Job Denial Class:** All applicants for employment with SEPTA in the United States within two years of the filing of this Complaint through the date of final judgment who were denied SEPTA employment involving the operation and/or maintenance of SEPTA non-paratransit vehicles based in whole or in part on a drug-related conviction dating back more than seven (7) years from the decision on their application to SEPTA.

53.     The members of the FCRA Disclosure Class and the CHRIA Job Denial Class are collectively referred to as "Class Members."

54.     Mr. Long reserves the right to amend the definition of above-defined classes based on discovery or legal developments.

55.     The Class Members identified herein are so numerous that joinder of all members is impracticable.  SEPTA employs approximately 9,000 employees.  Although Mr. Long does not know the precise number of job applicants harmed by SEPTA's violations of FCRA and CHRIA, the number is far greater than feasibly could be addressed through joinder.  The precise number is also uniquely within Defendant's possession and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

56.     There are questions of law and fact common to Class Members, and these questions predominate over any questions affecting only individual members.  Common legal and factual questions include, among others:

    (i)      whether Defendant violated FCRA by failing to provide Mr. Long and the FCRA Disclosure Class with a clear and conspicuous disclosure in writing, in a document that consisted solely of the disclosure, prior to procuring their consumer reports for employment purposes, as required by 15 U.S.C. § 1681b(b)(2)(A)(i);

    (ii)     whether Defendant violated CHRIA by denying employment to Mr. Long and the CHRIA Job Denial Class based on their criminal convictions;

    (iii)    whether Defendant was willful in its noncompliance with the requirements of FCRA;

10

(iv)    whether Defendant was willful in its noncompliance with the requirements of CHRIA; and

(v)     whether equitable remedies, injunctive relief, statutory damages, compensatory damages, exemplary and punitive damages for Class Members are warranted.

57.    Mr. Long is a member of the classes he seeks to represent.  SEPTA failed to provide Mr. Long with a clear and conspicuous disclosure in writing, in a document consisting solely of the disclosure, to procure a consumer report for employment purposes before procuring such a report, as required by FCRA.  SEPTA denied Mr. Long employment based on his criminal conviction and without that criminal conviction having sufficient relation to his suitability for employment in the position involving the operation of SEPTA vehicles, violating CHRIA.

58.    Mr. Long's claims are typical of the claims of the classes he seeks to represent. Upon information and belief, it is SEPTA's standard practice to procure consumer reports without first providing a clear and conspicuous disclosure in writing to applicants, in a document that consists solely of the disclosure.  Upon information and belief, it is SEPTA's standard practice to consider felony convictions that do not relate to applicants' suitability for employment involving the operation of SEPTA vehicles when making hiring determinations for employment.  Mr. Long is entitled to relief under the same causes of action as other Class Members.

59.    Mr. Long will fairly and adequately represent and protect the interests of the Class Members because his interests coincide with, and are not antagonistic to, the interests of the Class Members he seeks to represent.  Mr. Long has retained Counsel who are competent and experienced in complex class actions, employment litigation, and the intersection thereof.  There is no conflict between Mr. Long and the Class Members.

11

60.     Class certification of the CHRIA Job Denial Class is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because SEPTA has acted and/or refused to act on grounds generally applicable to the Class Members, making declaratory and injunctive relief appropriate with respect to Mr. Long and the Class Members as a whole.   The Class Members are entitled to injunctive relief to end Defendant's common, uniform, unfair discriminatory—and illegal—policies and practices.

61.     Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for the FCRA Disclosure Class because common questions of fact and law predominate over any questions affecting only individual Class Members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Class Members have been damaged and are entitled to recovery as a result of Defendant's uniform policies and practices.  Because SEPTA has maintained a common policy of failing to properly inform Class Members of their rights under FCRA, many Class Members are likely unaware that their rights have been violated.

62.     Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) for the CHRIA Job Denial Class because common questions of fact and law predominate over any questions affecting only individual Class Members because SEPTA has maintained a common policy of denying employment because of drug related convictions, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Class Members have been damaged and are entitled to recovery as a result of Defendant's uniform policies and practices.

63.     The amount of each Class Member's individual claim is also small compared to the expense and burden of individual prosecution of this litigation.  The FCRA has statutorily

specified damages, which Class Members will prove at trial are warranted, that will render calculation of damages for Class Members highly straightforward. The propriety and amount of exemplary and punitive damages are based on Defendant's conduct, making these issues common to Class Members.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF**
**SEPTA's Failure to Provide Clear and Conspicuous Disclosure**
**Before Procurement of Consumer Report**
**(15 U.S.C. § 1681b(b)(2)(A)(i), Brought by Mr. Long on Behalf of**
**Himself and the FCRA Disclosure Class)**

64.     Mr. Long, on behalf of himself and the FCRA Disclosure Class, incorporates the preceding paragraphs as alleged above.

65.     SEPTA violated the FCRA by procuring consumer reports on Mr. Long and the FCRA Disclosure Class without making the stand-alone disclosure required by the FCRA. *See* 15 U.S.C. § 1681b(b)(2)(A).

66.     Defendant acted willfully and in knowing or reckless disregard of its obligations and the rights of Mr. Long and the FCRA Disclosure Class.

67.     SEPTA's willful conduct is reflected by, among other things, the fact that it violated a clear statutory mandate set forth in 15 U.S.C. § 1681b(b)(2), and that Defendant certified that it would comply with 15 U.S.C. § 1681b(b)(2).

68.     SEPTA's willful conduct is still further reflected by the following:

    (a)     The FCRA was enacted in 1970, Defendant was founded in 1963; Defendant has had since its creation to become compliant;

    (b)     Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

    (c)     Defendant repeatedly and routinely uses the same unlawful

13

documents with all of its employees and applicants on whom it procured consumer reports or otherwise failed to provide them with the required stand-alone disclosure;

(d)     Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

(e)     By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

69.     As a result of SEPTA's actions, Mr. Long and the FCRA Disclosure Class Members have been deprived of their consumer rights and prevented from making informed decisions about whether to permit SEPTA to procure their personal information.

70.     SEPTA's conduct was willful, making it liable for actual or statutory damages, punitive damages, and attorneys' fees and costs, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## SECOND CLAIM FOR RELIEF
### SEPTA's Violation of CHRIA
#### (18 Pa. Cons. Stat. Ann. § 9125(b), Brought by Mr. Long on Behalf of Himself and the CHRIA Job Denial Class)

71.     Mr. Long, on behalf of himself and the CHRIA Job Denial Class, incorporates the preceding paragraphs as alleged above.

72.     Mr. Long and the CHRIA Job Denial Class have criminal drug convictions that SEPTA considered when deciding not to offer them employment involving the operation of SEPTA vehicles.

73.     Mr. Long and the CHRIA Job Denial Class's convictions are older than seven years and not related to their suitability for employment involving the operation or maintenance of SEPTA non-paratransit vehicles.

14

74.    Mr. Long and the CHRIA Job Denial Class have been aggrieved by SEPTA's denials of employment.

75.    As a result of its actions, SEPTA is liable to Mr. Long and the CHRIA Job Denial Class for injunctive relief, damages and reasonable costs of litigation and attorneys' fees, pursuant to 18 Pa. Cons. Stat. Ann. § 9183(a)-(b).

76.    SEPTA's conduct has been willful, rendering it liable for exemplary and punitive damages, pursuant to 18 Pa. Cons. Stat. Ann. § 9183(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Long and Class Members pray for relief as follows:

(a)    Certification of Mr. Long's FCRA and CHRIA claims as a class action pursuant to Federal Rule of Civil Procedure 23;

(b)    Designation of Mr. Long as representative of the Class Members;

(c)    Designation of Mr. Long's counsel of record as Class Counsel;

(d)    An order enjoining SEPTA from engaging in further unlawful conduct in violation of FCRA and CHRIA;

(e)    An award of all statutory damages awardable for violations of FCRA including actual and punitive damages for each violation found to be willful;

(f)    An award of all statutory damages awardable for violations of CHRIA including actual and real damages for each violation, and exemplary and punitive damages for each violation found to be willful;

(g)    An award of costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(h)    Pre-judgment and post-judgment interest, as provided by law;

(i)    Payment of a reasonable service award to Mr. Long, in recognition of the services he has rendered and will continue to render to the Class Members, and the risks he has taken and will take; and

(j)    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

15

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Mr. Long demands a trial by jury in

this action.

Dated:  April 27, 2016

Respectfully submitted,

By:

Ossai Miazad
**OUTTEN & GOLDEN LLP**
3 Park Avenue, 29th Floor
New York, NY 10016
Tel.: (212) 245-1000
Adam T. Klein (*pro hac vice* motion forthcoming)
Ossai Miazad (*pro hac vice* motion forthcoming)
Lewis M. Steel (*pro hac vice* motion forthcoming)
Christopher M. McNerney (*pro hac vice* motion
forthcoming)
Cheryl-Lyn Bentley (*pro hac vice* motion forthcoming)

**LAWYERS' COMMITTEE FOR CIVIL RIGHTS
UNDER LAW**
Jon Greenbaum (*pro hac vice* motion forthcoming)
Mateya Kelley (*pro hac vice* motion forthcoming)
1401 New York Ave., NW
Washington, DC  20005
Tel.: (202) 662-8600

**PHILADELPHIA LAWYERS FOR SOCIAL
EQUITY**
Michael Lee
Pennsylvania Bar No. 307008
Michael Hardiman
Pennsylvania Bar No. 27018
1501 Cherry Street
Philadelphia, PA 19102
Tel.: (215) 995-1230

**PUBLIC INTEREST LAW CENTER**
Benjamin D. Geffen
Pennsylvania Bar. No. 310134
1709 Benjamin Franklin Parkway, 2d Floor
Philadelphia, PA 19103
Tel.: (267) 546-1308

16

**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock
Pennsylvania Bar No. 92590
Danielle Newsome
Pennsylvania Bar No. 320772
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3679

*Attorneys for Plaintiff and proposed Class Members*

17