UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK LONG, JOSEPH SHIPLEY, and MICHAEL WHITE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,<br><br>        Defendant. | CIVIL ACTION NO. 2:16-cv-1991-PBT |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING DEFENDANT SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiffs write to inform the Court of a recent non-precedential opinion by the Third Circuit, issued after the filing of Plaintiffs' Memorandum of Law in Opposition to Defendant Southeastern Pennsylvania Transportation Authority's ("SEPTA") Motion to Dismiss Plaintiffs' First Amended Class Action Complaint, that provides further support for Plaintiffs' position that *Spokeo* did not change the law on standing and that Plaintiffs here have suffered sufficiently concrete injuries. ECF No. 27 ("Opp. Br.").

In *Bock v. Pressler & Pressler, LLP*, the Third Circuit again reiterated that *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), "did not change the rule for establishing standing[.]" __ F. App'x __, No. 15-1056, 2016 WL 4011150, at *1 (3rd Cir. July 27, 2016). This supports Plaintiffs' analysis of *Spokeo* that it "simply reaffirmed existing law[.]" *See* Opp. Br at 5-7.

*Bock* also endorsed Plaintiffs' explanation of what types of injury are sufficiently "concrete." As the Third Circuit explained, "Congress is well positioned to identify intangible

harms that meet minimum Article III requirements" and "may elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." 2016 WL 4011150, at *1.  In "some cases an injury-in-fact may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Id.*  In determining injury-in-fact, courts look both to what "has traditionally been regarded as providing a basis for lawsuit," and Congress's judgment, which is "instructive and important." *Id.* at *2 (quoting *In re Nickelodeon Consumer Privacy Litig.*, No. 15-1441, 2016 WL 3513782 (2d Cir. June 27, 2016)).  Crucially, the Court should exercise "deference to Congress[.]" *Id.*

Plaintiffs' arguments in their opposition brief are consistent with *Spokeo*, *In re Nickelodeon*, and now *Bock*.  Applying the framework presented in those cases, Plaintiffs established that the Fair Credit Report Act claims at issue in their suit (15 U.S.C. §§ 1681b(b)(2) and (b)(3)) were based on statutory language specifically enacted by Congress to provide redress for serious informational and invasion of privacy injuries, and that such injuries have traditionally provided a basis for suit in the common law. *See* Opp. Br at 8-15.  As their brief explains in detail, Plaintiffs have suffered concrete injuries and have Article III standing.

 Dated:  August 4, 2016               Respectfully submitted,

                                      */s/  Ossai Miazad*
                                      **OUTTEN & GOLDEN LLP**
                                      3 Park Avenue, 29th Floor
                                      New York, NY 10016
                                      Tel.: (212) 245-1000
                                      Adam T. Klein (admitted *pro hac vice*)
                                      Ossai Miazad (admitted *pro hac vice*)
                                      Lewis M. Steel (admitted *pro hac vice*)
                                      Christopher M. McNerney (admitted *pro hac vice*)
                                      Cheryl-Lyn Bentley (admitted *pro hac vice*)

                                      **LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
                                      Jon Greenbaum (admitted *pro hac vice*)

Mateya Kelley (admitted *pro hac vice*)
1401 New York Ave., NW
Washington, DC  20005
Tel.: (202) 662-8600

**PHILADELPHIA LAWYERS FOR SOCIAL EQUITY**
Michael Lee
Pennsylvania Bar No. 307008
Michael Hardiman
Pennsylvania Bar No. 27018
1501 Cherry Street
Philadelphia, PA 19102
Tel.: (215) 995-1230

**PUBLIC INTEREST LAW CENTER**
Benjamin D. Geffen
Pennsylvania Bar. No. 310134
1709 Benjamin Franklin Parkway, 2d Floor
Philadelphia, PA 19103
Tel.: (267) 546-1308

**WILLIG, WILLIAMS & DAVIDSON**
Ryan Allen Hancock
Pennsylvania Bar No. 92590
Danielle Newsome
Pennsylvania Bar No. 320772
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel.: (215) 656-3679
*Attorneys for Plaintiffs and proposed Class Members*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Notice of Supplemental Authority Regarding Defendant Southeastern Pennsylvania Transportation Authority's Motion to Dismiss Plaintiffs' First Amended Class Action Complaint was served on this 4th day of August, 2016, upon counsel of record via the Court's ECF filing system.

                                                      */s/ Ossai Miazad*
                                                     Ossai Miazad