IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANK LONG, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | CIVIL ACTION |
| **v.** : | |
| : | NO. 16-1991 |
| **SOUTHEASTERN PENNSYLVANIA** : | |
| **TRANSPORTATION AUTHORITY,** : | |
| : | |
| **Defendant.** : | |

**MEMORANDUM**

**TUCKER, C.J.** April 5, 2017

Presently before the Court are Defendant Southeastern Pennsylvania Transportation Authority's Motion to Dismiss the First Amended Class Action Complaint (Doc. 25), Plaintiffs' Memorandum of Law in Opposition thereto (Doc. 27), and Defendant's Reply in Further Support of its Motion (Doc. 34). Upon careful consideration of the parties' submissions and the arguments presented to the Court during Oral Argument held on October 12, 2016, and for the reasons set forth below, Defendant's Motion is GRANTED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

   **A.     The Fair Credit Reporting Act ("FCRA")**

This action arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and Pennsylvania state law.[1] The FCRA was created "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The FCRA requires employers

---

[1] Because the Court finds that it lacks jurisdiction over Plaintiffs' FCRA claims, the Court cannot exercise jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims. Thus, the Court will not address Plaintiffs' state law claims in this Memorandum.

1

who obtain consumer reports for employment purposes to provide a clear and conspicuous disclosure, in writing, and in a document that consists solely of the disclosure ("stand-alone disclosure") to the consumer, before procurement. 15 U.S.C. § 1681b(b)(2)(A)(i) and (ii). The FCRA also requires employers to provide a consumer with a copy of his consumer report and a summary of rights under the FCRA before taking any adverse action against him. 15 U.S.C. § 1681b(b)(3)(A)(i) and (ii). Adverse actions include "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee" and "an action taken or determination that is . . . adverse to the interests of the consumer." 15 U.S.C. § 1681a(k)(1)(B).

"Any person who willfully fails to comply with any requirement [of the FCRA] with respect to any consumer is liable to that consumer." 15 U.S.C. § 1681n(a).

**B.     The Parties and Allegations**

Southeastern Pennsylvania Transportation Authority ("SEPTA") is a public transit authority organized under the laws of the Pennsylvania with its headquarters in Philadelphia. (Compl. ¶ 33.) SEPTA is alleged to be a "person using consumer reports . . . for employment purposes" who "has taken adverse action . . . based wholly or in part on" Plaintiffs' consumer reports. (Compl. ¶ 34.) Plaintiffs Frank Long, Joseph Shipley, and Michael White are Philadelphia residents who applied and interviewed for positions with SEPTA between 2014 and 2016. (Compl. ¶¶ 21, 23–28, 30–31.) For the purposes of this Memorandum, Plaintiffs are assumed to be "Consumers" as defined by the FCRA, 15 U.S.C. § 1681a(c). Plaintiffs allege that they were denied employment by SEPTA because of their criminal history. (Compl. ¶¶ 44, 57, 69.)

Plaintiffs assert that they completed forms disclosing prior drug-related convictions and authorizing SEPTA to conduct background checks. (Compl. ¶¶ 42, 52, 65.) Plaintiffs claim that the forms did not comply with the FCRA's stand-alone disclosure requirement. Specifically, Plaintiffs allege that the forms contained extraneous language, including language inquiring about their educational history, employment history, probation or parole status, and job suitability. Plaintiffs further allege that SEPTA did not provide any other authorization form that complied with the FCRA. (Compl.¶¶ 43, 53, 66.)

Plaintiffs also allege that SEPTA did not provide Plaintiffs with a copy of their consumer reports or a summary of their rights under the FCRA before revoking or denying their employment offers. (Compl. ¶ 85.)

Plaintiff Long filed a class action complaint in this Court on April 27, 2016. Long later amended his complaint, adding Shipley and White on May 26, 2016 ("First Amended Complaint"). In Plaintiffs' First Amended Complaint, Plaintiffs assert four claims against SEPTA.[2] First, Plaintiffs allege that SEPTA willfully violated the FCRA because SEPTA failed to provide a clear and conspicuous written disclosure, which would meet the FCRA's stand-

---

[2] In each claim, Plaintiffs seek to represent a class of individuals who applied for employment with SEPTA within a specified period. The first cause of action is on behalf of the "FCRA Disclosure Class," which is comprised of SEPTA employment applicants for whom SEPTA obtained a consumer report without providing a clear and conspicuous disclosure in writing, in a document that consisted solely of the disclosure, before obtaining the report. (Compl. ¶ 96.) The second cause of action is on behalf of the "FCRA Consumer Report Class," which is comprised of SEPTA employment applicants who were subject to an adverse action based on information contained in a consumer report without receiving a copy of the consumer report before the adverse action. (Compl. ¶ 97.) The third cause of action is on behalf of the "FCRA Summary of Rights Class," which is comprised of SEPTA employment applicants who were subject to an adverse action based on information contained in a consumer report without receiving a written description of their rights. (Compl. ¶ 97.) The fourth cause of action is on behalf of SEPTA employment applicants who assert a violation of Pennsylvania state law. (Compl. ¶ 98.)

alone requirement, before obtaining Plaintiffs' consumer reports. (Compl. ¶¶ 112, 114–16.) Second, Plaintiffs allege that SEPTA willfully violated the FCRA by failing to provide consumer reports to Plaintiffs before revoking their employment offers. (Compl. ¶¶ 120–21, 123–25.) Third, Plaintiffs allege that SEPTA willfully violated the FCRA by failing to provide Plaintiffs with a summary of their rights under the FCRA before taking adverse employment actions against them. (Compl. ¶¶ 129–30.) Lastly, Plaintiffs allege that SEPTA violated Pennsylvania state law. (Compl. ¶¶ 138–39, 142.)

In the First Amended Complaint, Plaintiffs do not allege that their consumer reports were inaccurate in any way.

Plaintiffs seek, *inter alia*, injunctive and declaratory relief, actual or statutory damages, and exemplary and punitive damages. (Compl. ¶ 14.)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a court to dismiss a complaint for lack of subject matter jurisdiction. When deciding a 12(b)(1) motion, the trial court must first determine whether the motion presents a "facial" or "factual" attack on the claim "because that distinction determines how the pleading must be reviewed." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). When a party asserts a facial attack, it asserts that the claim is insufficient to invoke subject matter jurisdiction as a threshold issue. *Id.*

When reviewing a 12(b)(1) motion that presents a facial attack, the court applies the same standard of review as it would in reviewing a motion to dismiss under 12(b)(6). *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017). Consequently, all well-pleaded factual allegations contained in a complaint must be accepted as true and interpreted in the light most favorable to the plaintiff. *Argueta v. U.S. Immigration and Customs*

*Enf't.*, 643 F.3d 60, 74 (3d Cir. 2011). "To survive a motion to dismiss for lack of standing, a complaint must contain sufficient factual matter that would establish standing if accepted as true." *In re Horizon*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)).

In the 12(b)(1) motion presently before the Court, SEPTA asserts that there is a threshold jurisdictional defect, lack of standing, but does not challenge the factual assertions in the First Amended Complaint. Thus, SEPTA presents a facial 12(b)(1) motion. Accordingly, this Court must review the motion by construing the factual allegations in the pleadings in the light most favorable to Plaintiffs.

## III. DISCUSSION

SEPTA moves to dismiss Plaintiffs' FCRA claims for lack of standing alleging, in part, that Plaintiffs have not pled facts which demonstrate that Plaintiffs suffered a concrete and particularized injury as a consequence of SEPTA's purported FCRA violations. (Def.'s Mem. 6.) SEPTA also moves to dismiss the First Amended Complaint for Plaintiffs' failure to state a claim for relief.

Plaintiffs argue that Defendant's motion should be denied because Plaintiffs have pled sufficient facts to establish every element of Article III standing, including that SEPTA's violation of their statutory rights caused Plaintiffs to suffer concrete and particularized harm. (Pls.' Mem. 7–15.) Plaintiffs further argue that they have sufficiently pled facts to support their claims for relief under the FCRA and state law. (Pls.' Mem. 16–24).

For the reasons set forth below, the Court finds that Plaintiffs lack standing. Therefore, the Court will not address SEPTA's failure to state a claim argument.

**Standing**

Standing is "the threshold question in every federal case" and requires the court to determine "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing requires a plaintiff to have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The party asserting federal jurisdiction bears the burden of establishing each element of standing. *Lujuan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The same standing requirements apply to plaintiffs in class actions, and at least one named plaintiff in a class action must have standing to maintain a suit. *In re Horizon*, 846 F.3d at 634.

SEPTA argues that Plaintiffs do not have standing because, in part, Plaintiffs failed to demonstrate that Plaintiffs suffered an injury in fact resulting from SEPTA's purported procedural violations. (Def.'s Mem. 7–8.) Plaintiffs assert that the first element of the standing requirement is met because each Plaintiff has pled a violation of *his* statutory right, which establishes a particularized harm, and that SEPTA invaded Plaintiffs' privacy and caused informational injury, resulting in concrete harm. (Pls.' Mem. 7.)

To establish an injury in fact, a plaintiff must demonstrate that he has suffered harm "which is (a) [particularized and concrete] . . . and (b) actual or imminent, not conjectural or hypothetical." *Lujuan*, 504 U.S. at 560. Harm is "particularized" when it "affect[s] [a] plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548. Harm is "concrete" when it actually exists and is real, and is not abstract. *Id.* An injury may be concrete even when it is intangible. *Id.* at 1549. History and congressional judgment are instructive in determining whether an intangible harm may satisfy the concreteness requirement. *Id.* Congress may "elevate to the status of legally

6

cognizable injuries concrete, *de facto* injuries that were previously inadequate in law." *Id.* (internal citation omitted). Despite Congress' ability to elevate intangible harms, establishing injury in fact is not automatic "whenever a statute grants [him] a statutory right and purports to authorize [him] to sue to vindicate that right" because standing "requires a concrete injury even in the context of a statutory violation." *Id.* Therefore, a bare procedural violation without concrete harm is insufficient to establish an injury in fact. *Id.* However, "the violation of a procedural right granted by statute can be sufficient in *some circumstances*[3] to constitute injury in fact . . . . [such that a plaintiff] need not allege any additional harm beyond the one Congress has identified." *Id.* (emphasis added).

The Third Circuit has held that "Congress has the power to define injuries . . . that were previously inadequate in law." *In re Horizon*, 846 F.3 at 638. However, "there are some circumstances where the mere technical violation of a procedural requirement of a statute cannot, in and of itself, constitute an injury in fact." 846 F.3d at 638. Nevertheless, the Third Circuit has yet to "consider the full reach of congressional power to elevate a procedural violation into an injury in fact." *Id.*

At the motion to dismiss stage, the injury in fact element requires a plaintiff to "allege some specific, identifiable trifle of injury." *In re Horizon*, 846 F.3d at 633 (citing *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)). Therefore, "general factual allegations of injury resulting from a defendant's conduct may suffice." *Id.* (internal citation omitted).

The Supreme Court in *Spokeo* did not change the requirements to establish Article III standing. The Court simply highlighted the responsibility of courts to evaluate both particularity and concreteness to establish an injury in fact.

---

[3] These circumstances may be limited to instances where there is a risk of real harm. *See Spokeo*, 136 S. Ct. at 1549.

Here, Plaintiffs' purported harm is particularized because each Plaintiff has pled a violation of *his* statutory right, which affects each Plaintiff in a personal and individual way. The purported harm is alleged to affect each plaintiff, not just the class. However, the Court is unable to find that the purported harm in this case is concrete.

The Court finds that Plaintiffs' allegations amount to bare procedural violations without concrete harm. Plaintiffs have pled that SEPTA's purported violation of the stand-alone disclosure requirement caused them harm because SEPTA's forms':

> (a) extraneous information causes confusion about the purpose of the authorization . . . ;
>
> (b) extraneous information impedes consumers from learning of their substantive rights conferred by the FCRA, including those pertaining to ensuring the reports' accuracy, confidentiality, and fairness; and
>
> (c) requests for additional information including consumers' contact information, education history, and criminal history provides an opportunity for job applicants to incorrectly or incompletely answer, which has the risk of leading to consumers' denial of employment.

(Compl. ¶ 113.) Plaintiffs also allege that SEPTA's failure to provide Plaintiffs with a copy of their consumer reports or a summary of their rights, as required by the FCRA, caused them harm because Plaintiffs could not "evaluate information contained in the consumer reports to ensure accuracy," "challenge and correct information," or learn of their FCRA rights. (Compl. ¶¶ 122, 131.)

However, Plaintiffs have failed to allege any *specific*, identifiable trifle of injury or allege that they were harmed in any non-abstract way as a consequence of SEPTA's purported FCRA violations. The Supreme Court stated that "a violation of one of the FCRA's procedural requirements may result in no harm." *Spokeo*, 136 S. Ct. at 1550. The case before the Court is an

example of that. Plaintiffs allege that SEPTA denied jobs to Plaintiffs based on their criminal history, which Plaintiffs disclosed prior to SEPTA procuring their background checks. Additionally, Plaintiffs do not allege that their reports were inaccurate in any way. Taking all of Plaintiffs' allegations as true, SEPTA's purported FCRA violations did not cause the type of harm to Plaintiffs, or present any material risk of harm, that would give rise to a de facto injury.

Although Plaintiffs assert in their brief that SEPTA invaded Plaintiffs' privacy and caused informational injury, resulting in concrete harm, these assertions are not pled in the First Amended Complaint and, therefore, cannot properly be considered by the Court. Even if they were, the Court finds Plaintiffs' arguments unpersuasive. Plaintiffs' attempt to turn a bare procedural violation into an injury in fact fails.

Accordingly, Plaintiffs have not met their burden of establishing that any one of them has suffered an injury in fact that would enable them to assert their FCRA claims. Thus, the Court need not consider the other elements or whether Plaintiffs can establish a claim on which relief can be granted for their FCRA and state law claims.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Defendant's Motion to Dismiss. An appropriate Order follows.